## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAYBE TORRES,

      Petitioner,

vs.                            No.    CIV 02-1397 JC/LCS

RON LYTLE,

      Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 11), filed December 16, 2002.  Petitioner filed a response (Doc. 13), on December 27, 2002.  The Court has considered Respondent's Motion and Answer, Petitioner's Response, the record herein, and the relevant law.  For the reasons stated, I propose finding that Respondent's Motion to Dismiss is well-taken and I recommend that it be **GRANTED**.

### PROPOSED FINDINGS

1.      Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis.*  Petitioner is confined pursuant to the Judgment and Sentence, dated March 1, 2002, in the case styled *State of New Mexico v. Laybe Torres* and numbered CR 00-0042, First Judicial District, Couty of Rio Arriba, State of New Mexico.  After he was convicted by jury verdict of retaliation against a witness, Petitioner was sentenced to nine years in the custody of the New Mexico Department of Corrections.  In addition, Petitioner was found to be an habitual offender and his sentence was enhanced by one year to run consecutive to the base sentence.  Three years

were suspended for a total period of incarceration of seven years followed by two years parole. (Answer, Ex. A.)

2.      On March 15, 2002, Petitioner, through trial counsel, Thomas Clark, Esq., filed an appeal with the New Mexico Court of Appeals.  (Answer, Ex. B.)  On appeal, Petitioner argued that the district court erred in denying his motion for directed verdict on the grounds that N.M.S.A, 1978 § 30-24-3 (1997)  requires that the alleged retaliation be based on the commission or possible commission of a felony.  Petitioner also argued that there was insufficient evidence to convict him.  The New Mexico Court of Appeals proposed summary affirmance on June 7, 2002. (Answer, Ex. D.)  Petitioner filed a memorandum in opposition to the proposed summary affirmance.  (Answer, Ex. E.)  On August 29, 2002, the New Mexico Court of Appeals issued its memorandum opinion holding that the district court did not err in denying Defendant's motion for a directed verdict and that there was sufficient evidence to convict the Defendant.  (Answer, Ex. F.)

3.      On September 16, 2002, Petitioner filed a petition for writ of certiorari to the New Mexico Supreme Court, (Answer, Ex. G), arguing that his right to due process was violated under the U.S. Const., Amends., V, XIV and the N.M. Const., Art. II, § 18.  *Id*.  The New Mexico Supreme Court denied the petition for writ of certiorari on October 11, 2002.  (Answer, Ex. H.)  Petitioner filed his federal Petition under 28 U.S.C. § 2254 on November 5, 2002.

4.      Petitioner's convictions became final on October 11, 2002, after denial of certiorari by the state supreme court.  *See Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999) (holding that a state post conviction proceeding is final after the state's highest court has addressed the application for purposes of § 2254(d)(2)). The one-year limitation period for filing a federal

2

habeas corpus petition began to run on that date.  28 U.S.C. § 2244 (d)(1)(A).  On November 5,

2002, Petitioner filed his federal petition under 28 U.S.C. § 2254.  Thus, the § 2254 petition, filed

within one year of December 15, 2002, is timely.

     5.    Petitioner raises the following issues in his federal petition:

     I.    Whether N.M.S.A 1978 § 30-24-3  requires that retaliation be based on

the commission or possible commission of a felony offense and whether

Petitioner's Due Process Rights were violated.

     II.    Whether the evidence was sufficient to support the conviction of

retaliation against a witness on grounds that the victim, Ralph Medina,

testified that the retaliation was in connection with his testimony in Rio

Arriba County Magistrate Court regarding a petty misdemeanor offense

of criminal damage to property.  He further argues that his convictions are

not supported by sufficient evidence and thus violate Due Process of

Law under the U.S. Const., Amends., V and XIV.

     6.    Respondent argues that the petition should be dismissed because Petitioner

identifies no federal constitutional defect in the Court of Appeals findings and conclusions and

therefore fails to state a cognizable federal habeas claim.  Respondent further argues that the

Court must view the evidence in light most favorable to the conviction.

     7.    Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of

habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state

court unless that adjudication "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States." 28 U.S.C. 2254 (d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Penry v. Johnson*, 532 U.S. 782, 792-793 (2001). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (*quoting Williams v. Taylor*, 529 U.S. 362, 404-406 (2000)). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* "Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Id.* In sum, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either 1) application of an incorrect legal standard or principle; or 2) an objectively unreasonable application of the correct legal standard or principle.

8.     Petitioner's first claim is that N.M.S.A 1978 § 30-24-3 requires that retaliation be based on the commission or possible commission of a felony offense and that his Due Process rights were violated. The Tenth Circuit has held that the interpretation of a state statute is usually a determination of state law and a federal court can not reinterpret state law. *Cf. Tillman v. Cook*, 215 F.3d 1116, 1131 (10th Cir. 2000), (state court holding that misdemeanor arson was sufficient to support conviction must be accepted by federal habeas court and can not be reinterpreted by the federal court). *See also Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002). ( "On habeas review, the New Mexico courts' interpretations of the state felony

murder statute is a matter of state law binding on this court" so that the state courts' findings of sufficient evidence of the element of dangerousness "is a determination of state law over which this court has power to question"); *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002),(claimed violation of due process that alleged erroneous admission of evidence under state law was insufficient to state a federal claim cognizable as a habeas corpus petition).  Petitioner's claim insists that this Court interpret the meaning of a state statute.  We must, however, accept the New Mexico Court of Appeals interpretation of the statute and must not reinterpret whether N.M.S.A 1978 § 30-24-3  requires that retaliation be based on the commission or possible commission of a felony offense.  *Cf. Tillman,* 215 F.3d at 1131.  *See also Chapman,* 302 F.3d at 1196; *Bullock,* 297 F.3d at 1055.  Therefore, the motion to dismiss should be granted as to Issue I.

       9.     Petitioner's next claim is that there is insufficient evidence to support his conviction for retaliation against a witness in violation of the Due Process Clause of the U.S. Constitution. A review of the Order Dismissing Petition for Writ of Certiorari Filed October 11, 2002, (Answer Ex. H), suggests that Petitioner's state claims were disposed of on the merits. *See*, *e.g.*, *Van Woudenberg v. Gibson*, 211 F.3d 560, 569 (10th Cir. 2002),(noting that "while its treatment of the issue was cursory, the state court indicated it was disposing of the claim on the merits"); *Aycox v. Lytle*, 196 F.3d 1177 (10th Cir. 1999) (holding that summary decision can constitute adjudication on the merits if decision was reached on substantive rather than procedural grounds).  This Court owes deference to the state court's result, even if its reasoning is not expressly stated.  *Id*. at 1178.

      10.     The issue, therefore, becomes whether the New Mexico Court of Appeals' review

5

of the record to determine the sufficiency of the evidence was either incorrect or objectively unreasonable.  The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether the evidence of record could reasonably support a finding of guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).  "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id*. at 319;  *See also Soap v. Chater*, 632 F.2d 872, 876 (10th Cir. 1980).   This Court must view the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Hale v. Gibson*, 227 F.3d 1298, 1334 (10th Cir. 2000); *Foster v. Ward*, 182 F.3d 1177, 1194 (10th Cir.  1999).  "This familiary standard gives full play to the responsibility of the trier of fact fairly . . . to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319.  "A determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254 (e)(1). The determination of a claim challenging the sufficiency of the evidence is a question of law and deference must be given to state courts' resolution of sufficiency of the evidence questions. *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003).

11.     The New Mexico Court of Appeals reviewed the record and determined that the evidence was sufficient to support the verdict.  The Court of Appeals relied on *State v. Sutphin*, 753 P.2d 1314, 1318-1319, 107 N.M. 126, 131 (N.M. 1988), which applied the *Jackson* standard to determine the sufficiency of the evidence.  The New Mexico appellate court reiterated the standard regarding sufficient evidence and found that a rational jury could certainly have

convicted Petitioner on the evidence. The state court's resolution of the sufficiency of the

evidence question is entitled to deference. *Torres,* 317 F.3d at 1151; *Valdez v. Ward*, 219 F.3d

1222, 1237 (10th Cir. 2000).  Because the New Mexico Court of Appeals applied the *Jackson*

standard correctly and its determination of the sufficiency of the evidence was not objectively

unreasonable, the decision is entitled to deference under § 2254(d)(1).  Accordingly, the Motion

to Dismiss should be granted.


### RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss be **GRANTED** and that the Petition

be **DISMISSED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636

(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and

recommendations that party may, pursuant to § 636 (b)(1)(C), file written objections to such

proposed findings and recommendations with the Clerk of the United States District Court, 333

Lomas Blvd. NW, Albuquerque, NM  87102.  A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.


_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**