## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAYBE TORRES,

    Petitioner,

vs.          No. CIV 02-1397 JH/LCS

RON LYTLE, et al.,

    Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

  **THIS MATTER** comes before the Court upon the Order of the United States Court of Appeals for the Tenth Circuit vacating the district court's order denying Mr. Torres' petition for habeas relief and remanding this matter to the district court for further consideration consistent with its opinion.  (Doc. 21).  The United States Magistrate Judge, having reviewed the Tenth Circuit's Order, Petitioner's Motion, and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Petitioner's Motion be **DENIED**.

  **PROPOSED FINDINGS**

  **I.**  **Background**

  1.  In September of 1997, two arson-related incidents took place on the property of Petitioner's acquaintance, Ralph Medina.  A house on the property burned down on September 1, 1997.  On September 15, 1997, Mr. Medina witnessed Petitioner attempting to set fire to another house on the property, during which attempt some property damage occurred.  Petitioner was charged with criminal damage to property of less than $1,000, a misdemeanor, in violation of

N.M. Stat. Ann. § 30-15-1 (1987) for the September 15, 1997 incident.  In August of 1999, Petitioner was convicted of the misdemeanor.  Mr. Medina testified against petitioner with respect to this charge.

2.      Shortly after Mr. Medina testified, he received an anonymous, threatening letter. The writer called Mr. Medina a number of offensive names and threatened Mr. Medina with death.  The writer did not refer to the events of September 1, 1997 and September 15, 1997, or to Mr. Medina's recent testimony.  In 2000, Petitioner was charged with retaliation against a witness in violation of N.M. Stat. Ann. § 30-24-3(B) (1987).  He was convicted of this offense following a jury trial.

**II.      Procedural History**

3.      Petitioner's first jury trial for retaliation against a witness took place in July, 2000. Petitioner was convicted of retaliation and this conviction was later reversed by the New Mexico Court of Appeals.  Petitioner was retried for the offense of retaliation against a witness in February of 2002 and was again convicted.  Petitioner is currently incarcerated pursuant to the Judgment and Sentence, dated March 1, 2002, in the case styled *New Mexico v. Laybe Torres* and numbered CR 00-0042, First Judicial District, County of Rio Arriba, State of New Mexico. Petitioner's jury trial took place on February 4, 2002.  Ralph Medina, Chris Sanchez, and Thomas Vanvalkenberg testified at the proceedings.

4.      At trial, Ralph Medina testified that he had a confrontation with Mr. Torres in July of 1997 and on September 1, 1997, a house burned down on his property.  (Tr. 7, 8).  Mr. Medina also recounted a second incident involving damage to his property on September 15, 1997.  (Tr. 10).  The witness indicated to the jury that he had named Petitioner as a suspect for

2

both incidents.  (Id.)   Mr. Medina further explained that he received a threatening letter soon
after testifying against Mr. Torres regarding the incident of September 15, 1997.  (Tr. 13, 14, 15).
This letter was read to the jury and Mr. Medina stated he felt very intimidated by the letter,
believed it had been written by Petitioner, and indicated he had gone to the police after receiving
the letter.  (Tr. 15, 16, 21).

      5.      Chris Sanchez, a former state police officer, testified to his investigations of the
letter received by Mr. Medina.  (Tr. 22-26).  Mr. Sanchez testified to Mr. Medina's belief that Mr.
Torres had written the letter in relation to arson on his property.  (Tr. 22, 23).  Mr. Sanchez
further testified that the letter had been postmarked from Tierra Amarilla.  (Tr. 24).  The witness
explained to the jury that this postmark originated from the Rio Arriba County Clerk's office, that
all letters from the Tierra Amarilla jail come through the county clerk's office, and that Mr. Torres
was incarcerated in the Tierra Amarilla jail on the date the letter was postmarked.  (Tr. 24, 25).

      6.      Thomas Vanvalkenberg, former document examiner for the New Mexico
Department of Public Safety, testified as to his analysis of the letter received by Ralph Medina.
(Tr. 32-46).  Mr. Vanvalkenberg explained his comparison of the letter received by Mr. Medina
with other samples of handwriting known to be that of Mr. Torres (Tr. 42, 43).  The witness
opined that, based on this analysis, the letter received by Mr. Medina had been written by Mr.
Torres.  (Tr. 39).  At the conclusion of the evidence, defense counsel moved for a directed
verdict.  (Tr. 49).  The court denied counsel's motion.  (Tr. 54).

      7.      Following his conviction for retaliation against a witness, Petitioner was sentenced
to nine years in the custody of the New Mexico Department of Corrections.  Additionally,
Petitioner was found to be an habitual offender and his sentence was enhanced by one year to run

3

consecutively with the base sentence.  Three years were suspended for a total period of

incarceration of seven years, to be followed by two years parole.

        8.      On March 15, 2002, Petitioner filed an appeal with the New Mexico Court of

Appeals.  On appeal, Petitioner argued that the district court erred in denying his motion for

directed verdict on the grounds that N.M. Stat Ann. § 30-24-3 (1987) requires that the alleged

retaliation be based on the commission or possible commission of a felony and that there was

insufficient evidence to convict him of this offense.  The New Mexico Court of Appeals proposed

summary affirmance on June 7, 2002.  (Resp. Ans. Ex. D).  Petitioner filed a memorandum in

opposition to the proposed summary affirmance.  On August 29, 2002, the New Mexico Court of

Appeals issued its opinion holding that the district court did not err in denying Defendant's

motion for directed verdict and that sufficient evidence was presented at trial to convict

Defendant.  (Resp. Ans. Ex. F).  Specifically, the Court of Appeals rejected Defendant's argument

that a rational jury could not have convicted him for retaliation.  The Court found it was for the

jury to determine Defendant's intent in writing the letter and that such intent could be shown by

circumstantial evidence.

        9.      On September 16, 2002, Petitioner filed a petition for writ of certiorari to the New

Mexico Supreme Court, in which he argued his right to due process was violated under U.S.

Const., Amends., V and XIV, and under the N.M. Const., Art. II, § 18.  The New Mexico

Supreme Court denied the petition on October 11, 2002, whereupon Mr. Torres filed his Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for

the District of New Mexico on November 5, 2002.

        10.     Petitioner's conviction became final on October 11, 2002, following denial of

certiorari by the state supreme court.  *See Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999).

The one-year limitation period for filing a federal habeas corpus petition began to run on that

date.  28 U.S.C. § 2244(d)(1)(A).  The petition filed on November 5, 2002 is therefore timely.

      11.    Petitioner raises the following issues in his federal petition:

          I.    Whether N.M.Stat. Ann. § 30-24-3 (1987) requires that retaliation be

based on the commission or possible commission of a felony offense and

whether Petitioner's due process rights were violated.

          II.    Whether the evidence presented at trial was sufficient to support the

conviction for retaliation against a witness on grounds that the victim,

Ralph Medina, testified that the retaliation was in connection with his

testimony in Rio Arriba County Magistrate Court regarding a petty

misdemeanor offense of criminal damage to property.  Further, whether

the conviction was not supported by sufficient evidence so as to

violate the Due Process Clause of U.S. Const. Amends., V and XIV.

      12.    The United States District Court denied Mr. Torres' Petition on April 15, 2003.

(Doc. 16)  Petitioner filed an appeal with the United States Court of Appeals for the Tenth

Circuit, which reversed the District Court's Order denying the petition for habeas relief and

remanded the case for further consideration on February 19, 2004.  (Doc. 21).

**III.   Standard**

      13.    Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of

habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state

court unless that adjudication "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 404-406 (2000)).

14.     "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.* The AEDPA thus bars a federal court from granting habeas relief unless the state court decision involved either the application of an incorrect legal standard or principle or involved an objectively unreasonable application of the correct legal standard or principle.

**IV.     Analysis**

15.     Mr. Torres bases his Petition on the argument that his conviction violated due process because the state did not present sufficient evidence to prove beyond a reasonable doubt that the retaliation was related to the commission of a felony. Petitioner contends that there was no evidence to show that his retaliation against Mr. Medina was related to the arson committed on September 1, 1997. Petitioner's argument on this score must fail. Having reviewed the record

from Petitioner's February, 2002 trial, I find that sufficient evidence was presented to support the jury's conclusion that Petitioner's retaliation was related to the commission of a felony in violation of N.M. Stat. Ann. § 30-24-3 (1987).

16.     When reviewing a question of sufficiency of the evidence on a petition for habeas corpus, the relevant question is not whether the reviewing court believes the evidence at trial established guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Rather, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This standard reflects the longstanding principle that it is the jury's province to weigh the evidence and to draw reasonable inferences from testimony presented at trial. *Id.*  The Tenth Circuit has held that its review under the *Jackson* standard is "sharply limited" and a court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996)).

17.     Retaliation against a witness under N.N. Stat. Ann. § 30-24-3 (B) (1987)  is defined as follows:

> Retaliation against a witness consists of any person knowingly engaging in conduct that causes bodily injury to another person or damage to the tangible property of another person, or threatening to do so, with the intent to retaliate against any person for any information relating to the commission or possible commission of a felony offense...

7

18.     In the present case, the jury in the state court proceeding heard testimony from Mr. Medina that he saw Petitioner in the process of committing a misdemeanor on his property on September 15, 1997, about which he later testified at Petitioner's misdemeanor trial in 1999.  (Tr. 12).  Mr. Medina further explained that he named Petitioner as a suspect in both the September 1, 1997 incident and the September 15, 1997 incident.  (Tr. 10).  Mr. Medina also reported an incident between himself and Petitioner in 1997 during which Petitioner passed Mr. Medina's house and reportedly yelled, "You'd better stop smearing my name." (Tr. 15).  Further, the jury had the letter in question read to them, in which the writer called Mr. Medina a liar, instructed him to leave the town of Cordova, New Mexico, and threatened to kill him.  (Tr. 14).  The letter did not mention either the September 1, 1997 or September 15, 1997 incidents on Mr. Medina's property.

19.     My review of the evidence confirms the conclusion of the New Mexico Court of Appeals.  In light of the facts presented and after viewing the evidence in the light most favorable to the prosecution, I conclude that a rational trier of fact could have found beyond a reasonable doubt that Petitioner intended to retaliate against Mr. Medina for giving information related to the commission or possible commission of a felony offense.  The jury concluded, based on the evidence, and on a jury instruction outlining the elements of the offense, that Mr. Torres intended that the letter relate to the arson committed on September 1, 1997.  Proof of intent is rarely provable by direct evidence.  *State v. McGee*, 84 P.3d 690, 694 (2003).  Circumstantial evidence, like direct evidence, will support a jury's finding of specific intent.  *Id.* (citing *State v. Durant*, 7 P.3d 495, 500 (2000)).

20.     The decision of the New Mexico Court of Appeals therefore was neither contrary

to nor an unreasonable application of *Jackson*, nor was it based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254. The Court of Appeals thoroughly evaluated the record before it in an objectively reasonable manner. Even if this Court disagreed with the Court of Appeals' conclusion, the writ still could not be granted. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied the law incorrectly. *Yarborough v. Alvarado*, 531 U.S. 652 (2004). Habeas relief should therefore be denied.

### RECOMMENDATION

Having reviewed the record in this case, all applicable law, the Tenth Circuit's opinion, and being otherwise fully advised, I recommend that Mr. Torres' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**